IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
SUNSOUTH BANK,                )
                              )
    Plaintiff,                )
                              )   CIVIL ACTION NO.
    v.                        )     1:12cv918-MHT
                              )         (WO)
NASHYORK, LLC; et al.,        )
                              )
    Defendants.               )
```

OPINION AND ORDER

It is ORDERED that defendants NashYork, LLC, Dwight P. Wiles, James C. Stroud, Herbert L. Graham, and Elliot Levine's motion to strike factual statements in plaintiff's brief (Doc. No. 24) and plaintiff SunSouth Bank's motion to strike affidavits (Doc. No. 33) are denied under the conditions set forth below.

***

The Federal Rules of Civil Procedure delineate the general use of a motion to strike: "The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R.

Civ. P. 12(f) (emphasis added).  The terms of the rule make clear that "[o]nly material included in a 'pleading' may be subject of a motion to strike.... Motions, briefs or memoranda, objections, or affidavits may not be attacked by the motion to strike."  2 James Wm. Moore, et al., Moore's Federal Practice § 12.37[2] (3d ed. 1999). Therefore, as an initial matter, both the plaintiff's and the defendants' motions to strike must be denied as to all non-pleadings, and, in this case, that would be all documents at issue.  See Jeter v. Montgomery County, 480 F. Supp. 2d 1293, 1295-96 (M.D. Ala. 2007) (Thompson, J.); Fed. R. Civ. P. 7(a) (a "pleading" is "(1) a complaint; (2) an answer to a complaint; (3) an answer to a counterclaim designated as a counterclaim; (4) an answer to a crossclaim; (5) a third-party complaint; (6) an answer to a third-party complaint; and (7) if the court orders one, a reply to an answer.").

This court often addresses improper motions to strike.  However, in a puzzling twist, the defendants

here opted to submit to the court such a defective strike motion despite knowing that it was procedurally defective.  See Defs.' Mot. to Strike (Doc. No. 24) at 2 ("In Jeter, the Court held that a motion to strike was appropriate only for a 'pleading' and not for '[m]otions, briefs or memoranda, objections, or affidavits.'") (citing 480 F. Supp. at 1296).  Apparently, the defendants, citing Jeter's explanation of proper usages for motions to strike, took that explanation as an invitation to submit knowingly an improper strike motion in contravention of the Federal Rules of Civil Procedure.  The court now iterates what it has stated on numerous occasions and should already be clear.  Motions to strike should be used only to ask the court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter."  Fed. R. Civ. P. 12(f) (emphasis added).  Motions to strike should not be used to ask the court to disregard unsupported factual statements contained in an opponent's brief.  The

proper forum for those sorts of arguments is an ordinary responsive brief. In this case, the defendants submitted such a reply brief while electing to omit from it any arguments about their opponent's factual allegations being unsupported, instead erroneously putting those contentions in the strike motion. See Defs.' Reply Br. (Doc. No. 25).

Likewise, the plaintiff's "motion to strike false affidavits and response to defendants' motion to strike" is flawed. It simultaneously seeks to strike affidavits submitted by the defendants in connection with their motion to dismiss or transfer and responds to arguments made in the defendants' motion to strike. For the reasons already explained, these are not proper usages of a strike motion.

The court is capable of sifting evidence, as required by motions to dismiss or transfer, without resort to an exclusionary process, and the court will not allow the

4

motion-to-dismiss-or-transfer proceedings to degenerate into a battle of motions to strike.

DONE, this the 11th day of February, 2013.

       /s/ Myron H. Thompson
    UNITED STATES DISTRICT JUDGE