IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, SOUTHERN DIVISION

```
SUNSOUTH BANK,                )
                              )
    Plaintiff,                )
                              )
                              )     CIVIL ACTION NO.
    v.                        )       1:12cv918-MHT
                              )            (WO)
NASHYORK, LLC; et al.,        )
                              )
    Defendants.               )
```

OPINION AND ORDER

Plaintiff SunSouth Bank brought this lawsuit seeking to recover an outstanding debt and naming as defendants NashYork, LLC (a debtor of the bank) and four individual guarantors of NashYork's loan (Dwight P. Wiles, James C. Stroud, Herbert L. Graham, and Elliot Levine). Subject-matter jurisdiction is proper under 28 U.S.C. § 1332 (diversity). The case is now before this court on the defendants' motion to dismiss or transfer venue from the Middle District of Alabama to the Northern District of Florida. For the reasons that follow, the court will transfer the case.

I. BACKGROUND

SunSouth Bank, which is located in Dothan, Alabama, made a large loan to NashYork, a company organized under the laws of Florida, for the purpose of purchasing and developing certain property in Bay County, Florida.  As part of the transaction, a handful of NashYork's individual managers (including the defendants in this case, Wiles, Stroud, Graham, and Levine) each separately guaranteed differing portions of the loan should the company fail to repay it.

After some time, relations between SunSouth Bank and NashYork soured and the company stopped making loan repayments.  Three of NashYork's managers other than the defendants in this case (the Joseph Flom estate, Jason Flom, and Elizabeth Yates), who also guaranteed portions of SunSouth's loan to NashYork, instituted a lawsuit in a Florida state court against the bank.  They charged, essentially, that the bank conspired with a favored customer, Ronnie Gilley, to induce, fraudulently,

2

NashYork and themselves into transactions that were to their detriment and the bank's and Gilley's benefit. SunSouth Bank removed the case to the U.S. District Court for the Northern District of Florida on the basis of diversity jurisdiction, denied the allegations against it, and counterclaimed against the individual guarantors to recover on NashYork's debt pursuant to their guarantees.  See Estate of Flom v. SunSouth, No. 3:12-cv-288 (N.D. Fla. removed June 14, 2012).

Several months after the Florida case was removed to federal court, SunSouth Bank filed this lawsuit in an Alabama state court, seeking to recover against NashYork for its debt and against Wiles, Stroud, Graham, and Levine for their separate guarantees.  The defendants removed the case to this court on the basis of diversity jurisdiction.

Having removed this case to this court, the defendants now move to dismiss the lawsuit for lack of personal jurisdiction and improper venue or,

alternatively, to transfer the lawsuit to the Northern District of Florida to provide that court with the option of consolidating the suit with the pending case there. Because this court will transfer the case, it does not reach the personal-jurisdiction and other issues.

## II. DISCUSSION

Under 28 U.S.C. § 1404(a), "For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." In deciding whether to transfer a case, courts weigh numerous factors. See, e.g., Carroll v. Texas Instruments, Inc., __ F. Supp. 2d __, __, 2012 WL 1533785, at *1 (M.D.Ala. May 1, 2012) (Thompson, J.). However, where the case before the court substantially overlaps with a different case pending in another federal court, special considerations apply.

"Where two actions involving overlapping issues and parties are pending in two federal courts, there is a strong presumption across the federal circuits that favors the forum of the first-filed suit under the first-filed rule." Manuel v. Convergys Corp., 430 F.3d 1132, 1135 (11th Cir. 2005) (citations omitted); see also 15 Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 3854 n.11 (3d ed.) (collecting cases applying the first-filed rule).  For the first-filed rule to apply, the two cases need not be identical; rather, "[t]he crucial inquiry is one of 'substantial overlap.'" Save Power Ltd. v. Syntek Finance Corp., 121 F.3d 947, 950 (5th Cir. 1997).  Once a party has shown that a substantially overlapping case is pending in another federal court and requests that the instant case be transferred there, an objecting party must show "'compelling circumstances' to warrant an exception to the first-filed rule." Manuel, 430 F.3d at 1135.  If compelling circumstances are not established, the court

5

should transfer the case to the first-filed forum. See Cadle Co. v. Whataburger of Alice, Inc., 174 F.3d 599, 606 (5th Cir. 1999) (holding that the lower court erred by dismissing the case instead of transferring it). The court in the first-filed forum may, but is not required to, consolidate the cases. See Fed. R. Civ. P. 42(a) ("If actions before the court involve a common question of law or fact, the court may ... consolidate the actions.").

The first-filed rule "embodies considerations of judicial administration and conservation of resources." First City Nat. Bank and Trust Co. v. Simmons, 878 F.2d 76, 79 (2d Cir. 1989). "The concern manifestly is to avoid the waste of duplication, to avoid rulings which may trench upon the authority of sister courts, and to avoid piecemeal resolution of issues that call for a uniform result." Cadle Co., 174 F.3d at 603 (quotation marks and citation omitted).

6

Here, there is clear substantial overlap between this case and the Florida lawsuit.  Both cases arise out of the same loan and related transactions between SunSouth Bank and NashYork.  When that loan was made, various individuals associated with NashYork in managerial capacities guaranteed the loan (in separate agreements and with respect to different amounts).  Now, the bank seeks to recover on those transactions.  In both cases, the key issues are the viability of the various loan and guarantee agreements in light of NashYork's and guarantors' allegations of fraud.  These circumstances constitute a sufficient prima-facie showing of substantial overlap.  See <u>Mfrs. Hanover Trust Co. v. Palmer Corp.</u>, 798 F. Supp. 161, 165-168 (S.D.N.Y. 1992) (Haight, J.) (reaching the same conclusion on similar facts involving multiple actions to collect a debt against competing claims of lender liability).  As such, sound judicial administration calls for this court to transfer the case to the Northern District of Florida,

unless SunSouth Bank rebuts the substantial-overlap showing with evidence that the two cases actually materially differ or establishes that, despite the cases substantially overlapping, compelling circumstances warrant separate adjudication.

SunSouth Bank's various arguments for denying transfer are not availing. First, the bank argues that the two cases do not substantially overlap because, except for the bank, the parties are different. While that is true, that fact is not sufficiently material to deny transfer. "Complete identity of parties is not required." Save Power Ltd., 121 F.3d at 951. Although SunSouth Bank's litigation opponents in both cases differ, they all stand in relation to the bank in the same way. They include NashYork (the bank's debtor) and various guarantors of that debt (all NashYork's managers). While SunSouth Bank argues that the guarantors "executed different guaranties" and "paid different amounts to SunSouth," Pl.'s Br. (Doc. No. 12)

8

at 5, the bank is, essentially, quibbling over minor differences. See Mfrs. Hanover Trust Co., 798 F. Supp. at 167 ("[O]bsessing over slight differences between actions does not promote judicial economy."). SunSouth Bank's assertion that the two sets of guarantors "are only similar in that they owe money to SunSouth," Pl.'s Br. (Doc. No. 12) at 5, is an obvious understatement. There appears to be no reason (and the bank has asserted none) that guarantors in this case could not be joined with the guarantor-plaintiffs in the Florida case.

Second, SunSouth Bank argues that the anticipated claims defendants here have against it and the claims of plaintiffs in the Florida case "are not identical" in that "They are based upon different communications and different circumstances." Id. But, the bank says nothing more to explain how the claims differ. As has been stated, NashYork and the guarantors have established a prima-facie case of substantial overlap, and the burden now lies with SunSouth Bank to rebut that showing. The

9

bank's vague and conclusory assertions that these cases differ do not suffice, and this court declines the invitation to guess what differences the bank may have had in mind. Moreover, the bank's argument that the claims "are not identical," id. (emphasis added), incorrectly states the operable legal standard. See Save Power Ltd., 121 F.3d at 950 ("The rule does not, however, require that cases be identical. The crucial inquiry is one of 'substantial overlap.'"); see also Mfrs. Hanover Trust Co., 798 F. Supp. at 167 ("The interests of justice require that the cases be related, not identical.").

    Third, SunSouth Bank argues that this court should deny transfer because the guarantor-defendants in this case have claims against the guarantor-plaintiffs in the Florida case relating to their comparative obligations to repay NashYork's debt. Rather than being a reason to deny transfer, as the bank argues, that fact, if true, would seem to be a reason that transfer should be

granted.  The Federal Rules of Civil Procedure favor the efficient resolution of all related "claim[s] arising out of the [same] transaction or occurrence" in a single judicial action, including claims coplaintiffs have against one another.  See Fed. R. Civ. P. 13(g) (crossclaims against coparties).  That the guarantors in this case and the guarantors in the Florida case may have claims against one another highlights the substantial overlap between the two cases.

Fourth, SunSouth Bank expresses concern that, if this case were transferred to Northern District of Florida, the defendants may then contest that court's personal jurisdiction over them.  But, the bank has little reason to fear as much.  "Because the requirement of personal jurisdiction represents first of all an individual right, it can, like other such rights, be waived."  Ins. Corp. of Ireland, Ltd. v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 703 (1982).  The defendants' motion to transfer this case to the Northern District of Florida surely

11

constitutes a waiver of any rights the defendants may have otherwise had to avoid appearing there.

Similarly, SunSouth Bank contends that, in a different case against the defendants brought in the Northern District of Florida, the defendants argued that the forum was inconvenient and that, according to the bank, this earlier argument mitigates against now transferring to the professedly inconvenient court. As the defendants point out, the court in Florida rejected that argument and asserted jurisdiction over them. Common sense dictates that, even if the defendants' initial appearances in Florida were inconvenient at that time, now that they are already subject to jurisdiction there, transferring this case to the same court promotes the goal of convenience (at least, so far as the defendants are concerned). While it is true that this court "must consider the balance of convenience in weighing a motion to transfer," Valley Enter. of Ohio LLC v. Gainey Transp. Serv., 2008 WL 4279601, at *2 (N.D.

12

Ohio Sept. 16, 2008) (Wells, J.), SunSouth Bank identifies no particular hardships that outweigh all other considerations warranting transfer under the first-filed rule. See Z-Man Fishing Prods., Inc. v. Applied Elastomerics, Inc., 2006 WL 3813707, at *4 (D.S.C. Dec. 27, 2006) (Houck, J.) ("[T]he first-filed rule shifts the burden of persuasion to [the party opposing transfer] to demonstrate that the weight of the factors relating to the convenience of the witnesses and parties balances in favor of litigating the action in the second forum.").

In sum, based on the evidence before this court, this case appears to overlap substantially with the pending lawsuit in Florida. Because SunSouth Bank has not shown otherwise and neither has it shown reason not to apply the first-filed rule, this court will transfer the lawsuit to the Northern District of Florida.[*]

---

[*] The court expresses no judgment on the defendants' arguments for dismissing or transferring this case besides those relating to the first-filed rule.

\* \* \*

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that the motion to dismiss or transfer (Doc. No. 10), filed by defendants NashYork, LLC, Dwight P. Wiles, James C. Stroud, Herbert L. Graham, and Elliot Levine, is granted to the extent that this case is transferred to the Northern District of Florida.

The clerk of the court is DIRECTED to take appropriate steps to effect the transfer.

This case is closed in this court.

DONE, this the 11th day of February, 2013.

                /s/ Myron H. Thompson
           UNITED STATES DISTRICT JUDGE